# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TRIPLE B CORPORATION, d/b/a CHARLIE'S PRODUCE,<br><br>                Plaintiff,<br>    v.<br><br>MUNCHERY INC., *et al.*,<br><br>                Defendants. | CASE NO. C18-1674-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's notice of Defendant Munchery's filing of a bankruptcy petition (Dkt. No. 12). Pursuant to 11 U.S.C. § 362(a)(1), which requires an automatic stay during the pendency of bankruptcy proceedings, the above-captioned matter is hereby STAYED against Defendant Munchery, pending the resolution of Defendant Munchery's bankruptcy proceedings. The parties shall notify the Court within 14 days of the resolution of the bankruptcy proceedings.

The parties are further ORDERED to show cause as to why the action against co-Defendant James Beriker should not also be stayed, pending the resolution of Defendant Munchery's bankruptcy proceedings. The automatic stay pursuant to 11 U.S.C. § 362 applies

only to Defendant Munchery as the debtor in the aforementioned bankruptcy proceeding. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants.") However, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)); *see Beardsley v. All Am. Heating, Inc.*, Case No. C05-1962-MJP, Dkt. No. 110 at 4 (W.D. Wash. 2007) ("[E]ven if the automatic stay does not extend to all of [the debtor's] co-defendants, the Court has inherent authority to stay this litigation in its entirety."). Here, some of the claims against the Defendants are identical. If the Court were to permit Plaintiff to proceed with its claims against Defendant Beriker, while the action is stayed with regard to Defendant Munchery, and Plaintiff loses those claims, those same claims would have to be relitigated against Defendant Munchery once the stay is lifted. Moreover, Plaintiff's ability to litigate the claims as to Defendant Beriker, while being unable to implicate Defendant Munchery, appears impractical.

Accordingly, the parties are ORDERED to show cause within 5 days of the date of this order as to why the action should not be stayed in its entirety to avoid such relitigation.

DATED this 15th day of March 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C18-1674-JCC
PAGE - 2